IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DAVID L. MCRAE,

      Plaintiff,

vs.                                 Case No. 4:14cv418-RH/CAS

FLORIDA DEPARTMENT
OF CORRECTIONS,

      Defendant.

_____/


## REPORT AND RECOMMENDATION

      Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441 on August 11, 2014.  Doc. 1.  Defendants simultaneously paid the filing fee, and filed all documents from state court.  Doc. 2.

      The notice of removal asserts that Plaintiff, a pro se prisoner, filed a motion for preliminary injunction in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, in which he alleged that his federal constitutional rights were violated under the First, Fifth, Eighth and Fourteenth Amendments.  Doc. 1 at 1-2.  Because the removal statute provides that "any civil action" may be removed, it does not hinder removal because the civil action consists of a motion for preliminary injunction and is not a true "complaint."  The factual allegations concern events which may permissibly be brought under 42 U.S.C. § 1983.  Doc. 2 at 1-5, 44-48.  Thus, the claim is one over

which this Court has original jurisdiction as provided for in 28 U.S.C. § 1331.  Thus, removal is appropriate pursuant to 28 U.S.C. § 1441(a) and this case may proceed.

It appears that removal is timely.  Defendant states that service was returned on the Defendant on August 5, 2014.  Doc. 1 at 1.  There is no summons or return of service in the state court record, but there is an Order dated July 31, 2014, directing Defendant to show cause why the relief sought in Plaintiff's motion for preliminary injunction should not be granted.  Doc. 2 at 42-43.  Thus, the notice of removal appears to have been timely filed "within 30 days after the service of summons" pursuant to § 1446(b)(1).

Plaintiff's motion claims that Plaintiff witnessed the beating death of another inmate by several officers.  Doc. 2 at 44.  Plaintiff states that his life has been threatened as a result.  *Id.* at 44-45.  Plaintiff claims that both he and his mother have requested protection for Plaintiff and sought to be removed from Jefferson Correctional Institution, but relief has been denied.  *Id.* at 45.  Plaintiff also contends that officers at the institution have conspired against him and retaliated against him.  *Id.*  As relief, Plaintiff requests witness protection and issuance of a preliminary injunction to protect Plaintiff and another inmate witness.  *Id.* at 46-47.

Defendant filed response to Plaintiff's motion.  Doc. 4.  Defendant argues that Plaintiff's motion should not be entertained until Plaintiff properly files a complaint in this case.  *Id.* at 2.  Defendant requests the motion be denied and this case be dismissed for lack of a complaint.  *Id.* at 3.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d

1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th

Cir. 1983).  Preliminary injunctive relief may be granted only if the moving party

establishes:

> (1) a substantial likelihood of success on the merits;

> (2) a substantial threat of irreparable injury unless the injunction issues;

> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

> (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd.,

112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.

1983).  A preliminary injunction is an extraordinary and drastic remedy and should not

be granted unless the movant "clearly carries the burden of persuasion" of all four

prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176

(11th Cir. 2000); Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway,

489 F.2d 567 (5th Cir. 1974).

Because Plaintiff has not properly filed a true "complaint," Plaintiff cannot be

found to have sufficiently stated a claim.  Thus, Plaintiff cannot meet the first

requirement, "substantial likelihood of success on the merits," until Plaintiff files a civil

rights complaint.

In addition, the only named Defendant in the motion for a preliminary injunction is

the Florida Department of Corrections.  Even if the motion were supported at this stage

with a complaint, the first requirement is not met.  There are no factual allegations

showing any involvement by the Department of Corrections as opposed to individual

correctional officers.  Therefore, the motion must be denied as it does not demonstrate a substantial likelihood of success on the merits.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, doc. 2, be **DENIED.**  It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 29, 2014.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**